# EXHIBIT "A"

## Summons and Complaint

*Cynthia Kitchens*
*v.*
*The Boeing Company*
*Civil Action No. 2016-CP-10-5579*

STATE OF SOUTH CAROLINA )
)
COUNTY OF CHARLESTON COUNTY )
)
CYNTHIA KITCHESN )
Plaintiff(s) )
)
vs. )
)
THE BOEING COMPANY )
Defendant(s) )

IN THE COURT OF COMMON PLEAS

CIVIL ACTION COVERSHEET

16-CP-10-5579

(Please Print)
Submitted By: BONNIE TRAVAGLIO HUNT
Address: POST OFFICE BOX 1845, GOOSE CREEK SC 29445

| | |
|---|---|
| SC Bar #: | 12341 |
| Telephone #: | 843-553-8709 |
| Fax #: | 843-492-5509 |
| Other: | |
| E-mail: | BTHUNT@HUNTLAWLLC.COM |

2016 OCT 20 PH 2:01
BY ___ JULIE J. ARMSTRONG
CLERK OF COURT
FILED

NOTE: The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)
***If Action is Judgment/Settlement do not complete**

☒ JURY TRIAL demanded in complaint.  ☐ NON-JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☒ General (130) | Previous Notice of Intent Case # | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☒ Breach of Contract (140) | 20___-CP-___-___ | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | ☐ Notice/ File Med Mal (230) | ☐ Personal Injury (350) | ☐ Possession (450) |
| | ☐ Other (299) | ☐ Wrongful Death (360) | ☐ Building Code Violation (460) |
| | | ☒ Other (399) Employment | ☐ Other (499) |

| Inmate Petitions | Judgments/Settlements | Administrative Law/Relief | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Death Settlement (700) | ☐ Reinstate Driver's License (800) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Foreign Judgment (710) | ☐ Judicial Review (810) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Magistrate's Judgment (720) | ☐ Relief (820) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Minor Settlement (730) | ☐ Permanent Injunction (830) | ☐ Municipal (930) |
| | ☐ Transcript Judgment (740) | ☐ Forfeiture-Petition (840) | ☐ Probate Court (940) |
| | ☐ Lis Pendens (750) | ☐ Forfeiture—Consent Order (850) | ☐ SCDOT (950) |
| | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Other (899) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | ☐ Other (799) | | ☐ Public Service Commission (990) |
| | | | ☐ Employment Security Comm (991) |

| Special/Complex /Other | | |
|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | |
| ☐ Medical (620) | ☐ Out-of-State Depositions (650) | |
| ☐ Other (699) | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | ☐ Other (999) |
| | ☐ Sexual Predator (510) | |

Submitting Party Signature: _[signature]_

Date: October 17, 2016

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

## FOR MANDATED ADR COUNTIES ONLY
### Allendale, Anderson, Beaufort, Colleton, Florence, Greenville, Hampton, Horry, Jasper, Lexington, Pickens (Family Court Only), and Richland

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:** **You must comply with the Supreme Court Rules regarding ADR. Failure to do so may affect your case or may result in sanctions.**

STATE OF SOUTH CAROLINA )  IN THE COURT OF COMMON PLEAS
           )
COUNTY OF CHARLESTON  )

CYNTHIA KITCHENS,     )  C.A. No.: 2016-CP-10- 5579
           )
    Plaintiff,     )
           )
Vs.           )
           )
THE BOEING COMPANY,   )
           )
    Defendant.    )
_____)

*(FILED stamp: 2016 OCT 20 PM 2:01 JULIE J. ARMSTRONG CLERK OF COURT BY)*

## SUMMONS
### (JURY TRIAL REQUESTED)

  You are hereby summoned and required to answer the complaint in this action, a copy of which is hereby served upon you, and to serve copy of your Answer to the Complaint on the subscriber at her office at 4000 Faber Place Drive, Suite 300, North Charleston, South Carolina 29405 or by Mail at Post Office Box 1845, Goose Creek, SC 29445within thirty (30) days after the service hereof, exclusive of the day of service.  If you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the Court for the relief demanded in the Complaint and judgment by default will be rendered against you.

        HUNT LAW LLC

        Bonnie Travaglio Hunt
        Physical Address:
        4000 Faber Place Drive, Suite 300,
        North Charleston, SC 29405
        Mailing Address
        Post Office Box 1845, Goose Creek, SC 29445
        (843)553-8709
        bthunt@huntlawllc.com

October 17, 2015

STATE OF SOUTH CAROLINA     )     IN THE COURT OF COMMON PLEAS

COUNTY OF CHARLESTON     )

CYNTHIA KITCHENS,     )     C.A. No.: 2016-CP-10-5579

          Plaintiff,     )

Vs.     )

THE BOEING COMPANY,     )

          Defendant.     )

2016 OCT 20  PM 2: 01
JULIE J. ARMSTRONG
CLERK OF COURT
BY
FILED

## Complaint and Jury Demand

The Plaintiff, Cynthia Kitchens, by and through her attorney, hereby complains against the Defendant, The Boeing Company as follows:

## Nature of the Action

1.  This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e, *et seq*.). The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights guaranteed by federal law and state law which rights provide for injunctive and other relief for illegal discrimination in employment.

2.  This action is also brought pursuant to the Americans with Disabilities Act (ADA).

3.  This action is brought pursuant to the laws of South Carolina.

## Parties

4.  The Plaintiff is an individual residing in Charleston County, South Carolina.

5.  On information and belief, Defendant is an entity conducting business and affecting commerce in the state of South Carolina properly within the jurisdiction of the Court.

6.  At all times relevant to the allegations in this Complaint, the Defendant employed more than 20 persons in the State of South Carolina.

1

7.     At all times relevant to the allegations in this Complaint, the Defendant operated a facility in the State of South Carolina.

## Jurisdiction and Venue

8.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 as this matter presents a federal question.

9.     Jurisdiction of this Court arises under the Age Discrimination in Employment Act of 1967 (hereafter the ADEA), 29 U.S.C. Section 621, et seq.

10.    The County of Charleston is the proper venue for this action pursuant because this is the District and Division in which the Plaintiff resides and in which a substantial part of the events or omissions giving rise to the claims occurred.

## Procedural Prerequisites

11.    The Plaintiff filed a charge of discrimination against the Defendant with the Equal Employment Opportunity Commission ("EEOC") alleging age discrimination, sex discrimination and disability discrimination.

12.    That the Charge of Discrimination set forth the following:

I.     "I was hired on November 16, 2009, as a Quality Manager and this is my present position. In March of 2014, I received a $900.00 raise while my co-worker received a $2,900 raise and I even covered his department while he was out on medical leave for 4 months. In April 2015, Mike Tidemore became my Sr. Manager and I asked him to check with the higher ups to see why I was still in the same cell position. I applied for various positions within the company: 1) Supplier Quality in April 2015; Quality Manager K-Level in July 2015; 3) Flight Line and Quality Assurance in August 2015. In June 2015, I asked Keith Castleberry, Director of Quality, as to

why I did not receive the Flight Line Position. To my knowledge all males received these positions. In August 2015, I had issues of harassment from Tracy Darnell, Temp manager, which was resolved when I called for a meeting (December 14, 2015) with management and she was moved to another part of the building.

II.    "Mike Tidemore told me that I was not being promoted because of Chemo Fog or perhaps it is age. Keith Castleberry, Director Quality, informed me that the other men received the position because he had an A& P License; in which I informed him that I also possessed an A & P License. No other reason was given for the other above actions.

III.    "I believe that I have been discriminated against because of my sex (female) in violation of Title VII of the Civil Rights Act of 1964, as amended; because of my age (60) in violation of the Age Discrimination Act of 1990, as amended and because of my disability and/or perceived disability in violation of Americans with Disabilities Act of 1990, as amended."

13.    The Charge was dated January 21, 2016 and was received by the EEOC on January 21, 2016.

14.    The Plaintiff's right to sue was dated August 24, 2016.

15.    That the EEOC Right to Sue was post-marked August 31, 2016.

16.    That the Plaintiff's attorney received the right to sue on September 5, 2016.

17.    The Plaintiff filed a second charge of discrimination on July 26, 2016 alleging Retaliation, Sex Discrimination, Age Discrimination, Disability Discrimination and Hostile Work Environment.

3

18.  I.    "This is my second charge of discrimination against my employer. I filed my first

charge of discrimination on January 21, 2016 for Sex Discrimination in violation

of Title VII, Age Discrimination in violation of the ADEA and Disability

Discrimination in violation of the ADA. After filing my charge of discrimination

my employer through management began to retaliate against me for my charge of

discrimination.

II.    "My employer has created a hostile work environment based on retaliation for my

complaints regarding Age, Sex and Disability Discrimination. After having several

years of experience my employer began to question my ability to perform my

position after my charge of discrimination was filed. When my previous supervisor

Rocky Haskell began to substantiate my performance and support me, my employer

immediately transferred me to a different younger white male supervisor Ron Pentz

who made derogatory comments regarding my age and ability to perform my

position. My supervisor, Pentz began to systematic harass me regarding my

performance creating a hostile work environment.

III.    "I have reported Pentz's behavior to Human Resources. However, Human

Resources has failed and refused to handle or change the behavior.

IV.    "After my charge of discrimination and my complaints regarding retaliation the

work environment became severe and pervasive. My employer was threatening to

discipline me for issues that I did not do and were beyond my control. My

supervisor began to intimidate me and treat me with hostile intentions. As a result

of the hostile work environment created by management and my supervisor I was

forced to resign my employment. My employer constructively discharged my

4

employment as a result of my complaints and charge of discrimination. That I have been constructively discharged in violation of the ADA, ADEA and Title VII. That I have been constructively discharged in retaliation for my charge of discrimination in violation of the law.

V.    "That as a result of the hostile work environment that I have applied for several different position to be in a different department. However, my employer has refused each and every transfer or promotion. That I have been further retaliated against based on my complaints in violation of the ADA, ADEA and Title VII.

VI.    "I believe I have discriminated against on the basis of a perceived disability by my employer in violation of the Americans with Disabilities Act. That as a result of the memos I complained to Human Resources. Human Resources failed and refused to do anything and allowed my supervisor to retaliate against me and create a hostile work environment.

VII.    "During my employment I have been subjected to discrimination based on my sex. That my employer has treated me differently based on my sex by paying me differently and retaliating against me for my complaints regarding pay. That I have been discriminated against by my employer based on my sex and age in the terms and conditions of my employment. That I have been discriminated against in violation of Title VII based on sex. "That my employer has allowed my supervisor to create a hostile work environment based on my requests for a pay raise. That the work environment has been severe and pervasive in violation of Title VII."

19.    "That the EEOC issued a right to sue on the Plaintiff's second charge of discrimination on September 1, 2016.

5

20.    That the EEOC did not send a copy to the Plaintiff's attorney.

21.    The EEOC only sent a copy to the Plaintiff.  The Plaintiff received the second right to sue on September 3, 2016.

22.    That fewer than ninety days have elapsed since the Plaintiff received same.

### Factual Background

23.    That the Plaintiff is a resident of the United States.

24.    That the Plaintiff is over the age of forty and is a female.

25.    That the Plaintiff has extensive experience and training in Aircraft.  The Plaintiff education includes Technology National Aviation Academy, Specialized Associates of Science Aviation Maintenance, and FAA Accountable Manager for 145 Repair Station.

26.    The Plaintiff has held Airframe License since September 2000 and her Powerplant License since September 2000.  The Plaintiff currently holds FCC Element 1 and FAA Inspection Authorization since March 2006.   The Plaintiff also holds FAA Technical Personnel Examiner DME-2007, Manager/Supervisor Training December-2006/Boeing Manager Training-2010, Boeing InsideOut Training 2015(Executive Leadership Program 2014), Executive Leadership Coaching 2015 and Lycoming Engine Service Factory School January, 2007.

27.    The Plaintiff was hired at the North Charleston, South Carolina facility by Boing as a Product Quality Manager K on June 18, 2010.  Upon hiring, the Plaintiff the was credited with previous service back to November of 2009.

28.    Boeing reclassified the Plaintiff's position in May of 2011 to a Quality Multi-Family Manager K position.

29.    The Plaintiff currently holds that position with the Defendant.

6

30.    The Plaintiff was assigned to the 787 BSC-Mid Assembly Quality Department at Boeing's North Charleston Facility.

31.    That during the Plaintiff's first 2 years of employment the Plaintiff was with Cell 10 and received accolades and exemplary performance evaluations.

32.    In 2011, An ethics complaint was made against Elton Wright. The Plaintiff addressed the issues with Wright and is aggressive behavior toward employees and others. Wright informed the Plaintiff that it was a good ole boy system and she needed to get on board. A week later Wright physically assaulted the Plaintiff. As a result of the complaints Wright was promoted.

33.    Not long after the altercation and report Plaintiff learned that she had Stage II Cancer.

34.    In 2012 the Plaintiff received a 24 on her performance evaluation. The Plaintiff turned in her supervisor for inappropriate remarks in the workplace. As a result of the report the Supervisor reduced the Plaintiff's evaluation to a 12 on the next Performance Review.

35.    The following year the Plaintiff was diagnosed with cancer. The Plaintiff was required to undergo treatment and be out of work. Prior to going out of work the Plaintiff scored a 26 on her evaluation. I received a new location was in charge of Process Monitoring over the Boeing Site with Employee's in all Three Buildings. While the Plaintiff was out of work for treatment the supervisor lowered her evaluation to 14. The Plaintiff was never told about the lowering of her score. The lower score had her removed from the leadership program. The Supervisor forged the Plaintiff's signature to the evaluation.

36.    In March 2014 the Plaintiff received a $900.00 raise compared to her male counterpart receiving a $2,900.00 raise. The Plaintiff ran the male counterpart's department while he was on medical leave for a heart condition. The Plaintiff viewed a document presented to

her by Gordon, the male counterpart who received the raise and extra bonus. Gordon was only rated one point higher than the Plaintiff on his evaluation.

37.    In November 2014, the Plaintiff sought assistance from an executive leadership coach with the Defendant. The Plaintiff sought guidance from the Leadership Coach to improve her written and oral communication skills. As result of the guidance the Plaintiff was informed that her communications skills had improved.

38.    That during her employment the Plaintiff applied for several promotions and different positions.

39.    In April 2015, Mike Tidemore, senior manager was assigned to 2nd shift.

40.    In April 2015, the Plaintiff asked, Mike Tidemore if he could find out why she was supervising the same cell. Mr. Tidemore informed her it was because of her chemo fog or age.

41.    In April 2015, the Plaintiff was not selected for a Supplier Quality position. A male candidate was selected for the position.

42.    On April 8, 2015, the Plaintiff submitted a letter to Beverly Wyse. At the time Wyse was the Vice President and General Manager of South Carolina which made her responsible for all of Boeing's operations and facilities in North Charleston.

43.    The Letter set forth the problems and complaints that the Plaintiff had with her employment at the North Charleston Facility.

44.    In July 2015, the Plaintiff was not selected for a Quality Manager K position. A male candidate was selected for the position.

45.    In August of 2015 the Plaintiff was harassed and intimidated by a temporary manager, Tracy Darnell.

46. In August 2015, the Plaintiff was not selected for a Flight Line and Quality Assurance Position. A male candidate was selected or the position.

47. During the year 2015, the Plaintiff applied for 14 different positions. That the Plaintiff was not selected for any of the positions.

48. That the Plaintiff filed a charge of discrimination with the EEOC on January 21, 2016.

49. That the Plaintiff was treated differently based on her sex and perceived disability.

50. That the Defendant was well aware of the Plaintiff's diagnosis of cancer and her treatment.

51. That the Plaintiff suffered commentary regarding her sex, disability and age while employed with the Defendant.

52. That after the Plaintiff filed the charge of discrimination with the EEOC the Plaintiff supervisor at the time began to substantiate the Plaintiff's performance as an exemplary employee.

53. That after the supervisor began to substantiate the Plaintiff's performance the Plaintiff was immediately transferred to a younger male employee who immediately began to harass, badger and threaten to discipline the Plaintiff.

54. The Plaintiff's supervisor at the time was Ron Pentz. Mr. Pentz had a reputation for discriminating against older individuals and using his position to push older individuals out of the company and their positions.

55. Mr. Pentz threatened the Plaintiff with unwarranted discipline. That at all times the Plaintiff was performing her position to the specification of her employer.

56. That the Plaintiff reported Mr. Pentz's behavior to Human Resources and the Defendant's internal EEO. That the Defendant failed and refused to protect the Plaintiff.

57. That Pentz's harassment of the Plaintiff rose to a level of severe and pervasive.

58.   The Defendant refused to stop the harassing behavior or allow the Plaintiff to transfer to a different supervisor.   The Defendant thereby approved of Pentz's behavior and substantiated the harassment by failing and refusing to stop the hostile work environment.

59.   The Plaintiff resigned her employment on June 30, 2016.   The Plaintiff resigned her employment from the Defendant due to the hostile work environment and retaliation that she was suffering from.   (This is contained in the second EEOC charge of discrimination)

60.   At the time of her resignation the Plaintiff was assigned to the 787 BSC-Mid Assembly Quality Department at Boeing's North Charleston Facility.   The Plaintiff was part of the Boeing Commercial Airlines (BCA) Airplane Division.   The Plaintiff had first level management responsibility for a team of Product Acceptance Specialists on third shift.   The team was to ensure that the 787 was built to its specifications.

61.   That the Plaintiff was not hired for any of the positions which she applied for because of her disability, sex, retaliation and hostile work environment.

62.   At all times the Plaintiff was able to perform all aspects of her position with or without accommodation and did so.

63.   That the Plaintiff was discriminated against based on her perceived disability.

64.   During the Plaintiff's employment the Plaintiff suffered discrimination based on her disability.

65.   That Defendant wrongfully discriminated against the Plaintiff in violation of the Americans' with Disabilities Act.

66.   That each of the reasons presented by the Defendant was pretextual.

67.   Defendant's actions described herein were intentional and inflicted upon Plaintiff severe mental and emotional distress.

10

68.   As a result of Defendant's actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which she should be compensated.

69.   That the Defendant is the direct and proximate cause of injury to the Plaintiff.

70.   That the Plaintiff was issued certain policies and procedures by the Defendant.

71.   That the Plaintiff was informed that the policies and procedures would be followed.

72.   That the Defendant violated those policies and procedures by discriminating against the Plaintiff.

73.   The Defendants further violated the policies and procedures by failing to follow the actual policies in place against discrimination, hostile work environment and retaliation.

74.   That as a result of Defendant's actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which she should be compensated.

75.   Defendant engaged in policies and practices which willfully, intentionally, and unlawfully discriminated against Plaintiff on the basis of her perceived disability. These practices and policies include, but are not limited to, failing and refusing to properly pay her as her male counterparts, failing and refusing to reduce the pay of her male counterparts, failing and refusing to enforce the policies, failing and refusing to follow the disciplinary policy, failing and refusing to follow procedures related to the harassment and discrimination of the Plaintiff.

76.   That the Defendant, treated the Plaintiff significantly differently based on her age.

77.   That the Defendant, disciplined the Plaintiff more harshly than other younger male employees.

78.   That the Defendant failed to hire the Plaintiff for numerous positions stating that the Plaintiff was not young enough to handle the flightline.

79.   The Plaintiff was disciplined for actions that other younger employees were not disciplined for.

80.   That the Defendant's actions towards the Plaintiff violated the law.

81.   That the Defendant is the direct and proximate cause of damage to the Plaintiff.

82.   That, as a direct and proximate result of the Defendant's intentional unlawful actions towards the Plaintiff based on the Plaintiff's age, the Plaintiff:

   a.   suffered severe emotional distress;

   b.   suffered future lost wages and future lost benefits;

   c.   suffered economic damages;

   d.   Loss of employment;

   e.   Loss of Future employment;

   f.   incurred attorney fees for this action;

   g.   incurred costs of this action; and

   h.   will incur future attorney fees and costs.

83.   That the Plaintiff is entitled to an award of damages in the amount of actual damages, compensatory damages, consequential damages, punitive damages, attorney's fees previous, future and present, costs of previous future and this action, and other damages such as this Honorable Court deems appropriate and just.

84.    That the Defendant failed and refused to hire the Plaintiff for certain position based on her sex.

85.    That the Defendant disciplined and evaluated the plaintiff differently based on her sex.

86.    That the Plaintiff's employer discriminated against the Plaintiff based on her sex.

87.    That the Defendant, failed and refused to pay the equally, failed and refused to discipline younger men equally and failed to treat women the same as younger men.

88.    That the Defendant discriminated against the Plaintiff based on her sex.

89.    That the Defendant is the proximate and direct cause of damage to the Plaintiff.

## FOR A FIRST CAUSE OF ACTION

## DISABILITY DISCRIMINATION

## IN VIOLATION OF THE AMERICANS WITH DISABITIES ACT

90.    That Paragraphs one (1) through seventy-four (74) are hereby incorporated verbatim.

91.    The Defendant is an employer as defined in ADA.

92.    That the Plaintiff is an employee as defined by the ADA.

93.    That the Plaintiff was considered an exemplary employee.

94.    That while she has been employed with the Defendant, the Plaintiff has been able and has performed her job duties in a satisfactorily level of the Defendant.

95.    That the Defendant considered the Plaintiff's disability or perceived disability when considering any and all employment decisions, failure to promote, failure to transfer, failure to discipline other individuals, and the Plaintiff's constructive discharge from employment.

96.    That the Plaintiff was not promoted and constructively discharged from her employment based on her perceived disability.

13

97.   That the Plaintiff was threatened with a PIP based on her perceived disability.

98.   That the Defendant's reasons for denying the Plaintiff's promotion, threatening her with a PIP were discriminatory and constructively discharging the Plaintiff.

99.   That the Defendant discriminated against the Plaintiff based on her disability, record of disability or perceived disability.

100.  That the Defendant is the proximate and direct cause of damage to the Plaintiff.

101.  That the Plaintiff has suffered severe emotional damages as a result of the Defendants' discrimination against the Plaintiff.

102.  That the Plaintiff was forced to resign her employment due to the severe and pervasive harassment by the Defendant.  The Plaintiff was forced to resign to protect her health.  As a cancer survivor the Plaintiff was supposed to reduce her stress not elevate her stress by allowing her supervisor to harass, intimidate and bully her.  The Defendant purposefully instigated issues with the Plaintiff in order force her resignation.

103.  That the Plaintiff was denied the position based on consideration of her disability, the Defendants' perception of the Plaintiff's disability, or in consideration of the Plaintiff's disability, the Defendant violated the ADA.

104.  That as a direct result of the Defendant's violation of ADA the Plaintiff has suffered:

    i.   Considerable damage to her reputation;

    ii.  Economic damages;

    iii. Economic hardship;

    iv.  Loss of her position;

    v.   Actual and future lost wages;

    vi.  Loss of beneifits;

14

vii.    Loss of future Benefits;

viii.    Suffered anxiety, humiliation and emotional damages.

105.    That the Plaintiff is entitled to recover damages from the Defendant in the amount of actual damages, consequential damages, punitive damages, reasonable attorney's fees, the costs of this action and all other damages available pursuant to the ADA for the Defendant's discrimination against the Plaintiff based on her disability.

## FOR A SECOND CAUSE OF ACTION

## AGE DISCRIMINATION IN VIOLATION OF THE

## AGE DISCRIMINATION IN EMPLOYMENT ACT

106.    That paragraphs one through eighty-nine (89) are hereby incorporated verbatim.

107.    That the Plaintiff was subjected Age Discrimination while employed with the Defendant.

108.    That the Defendant, treated the Plaintiff significantly differently based on her age.

109.    That the Defendant, disciplined the Plaintiff more harshly than other younger male employees.

110.    That the Defendant failed to hire the Plaintiff for numerous positions stating that the Plaintiff was not young enough to handle the flightline.

111.    The Plaintiff was disciplined for actions that other younger employees were not disciplined for. The Defendant threatened the Plaintiff with significant discipline in retaliation for her complaints regarding discrimination.

112.    That the Defendant's actions towards the Plaintiff violated the law.

113.    That the Defendant is the direct and proximate cause of damage to the Plaintiff.

114.    That, as a direct and proximate result of the Defendant's intentional unlawful actions towards the Plaintiff based on the Plaintiff's age, the Plaintiff:

15

a.    suffered severe emotional distress;

b.    suffered future lost wages and future lost benefits;

c.    suffered economic damages;

d.    Loss of employment;

e.    Loss of Future employment;

f.    incurred attorney fees for this action;

g.    incurred costs of this action; and

h.    will incur future attorney fees and costs.

115.    That the Plaintiff is entitled to an award of damages in the amount of actual damages, compensatory damages, consequential damages, punitive damages, attorney's fees previous, future and present, costs of previous future and this action, and other damages such as this Honorable Court deems appropriate and just.

## FOR A THIRD CAUSE OF ACTION

## RETALIATION

116.    That Paragraphs one (1) ninety nine (99) are hereby incorporated verbatim.

117.    That the Plaintiff was an employee according to the law of the State of South Carolina, Federal Law including but not limited to Title VII, ADA, and ADEA.

118.    That the Plaintiff complained of discrimination based on her age and her disability.

119.    That the Defendant retaliated against the Plaintiff by placing her in the most hostile work environment, threatening her with a PIP, and forcing her resignation and constructive discharge.

16

120.    That as a result of the Plaintiff's complaints the Plaintiff suffered retaliation for each of her complaints.

121.    That the Plaintiff was considered an exemplary employee by many of her supervisors until the Defendant intentionally transferred her to Pentz's team in order to discipline her and force her to terminate her employment.

122.    As a result of the Plaintiff's complaints regarding discrimination based on her Age, Disability and hostile work environment based on her previous complaints the Defendant retaliated against the Plaintiff.

123.    The Defendant's actions described herein were intentional and inflicted upon Plaintiff to insure severe mental and emotional distress.

124.    As a result of Defendant's actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which she should be compensated.

125.    That the Defendant is the direct and proximate cause of injury to the Plaintiff.

126.    That the Plaintiff is entitled to an award of damages from the Defendant. That the Plaintiff is entitled to recover damages from the Defendant in the amount of actual damages, consequential damages, punitive damages, reasonable attorney's fees, the costs of this action and all other damages available pursuant to Title VII, ADA and ADEA.

## FOR A FOURTH CAUSE OF ACTION

## HOSTILE WORK ENVIRONMENT

127.    That Paragraphs one (1) through one hundred and eight (108) are hereby incorporated verbatim.

17

128.    That the Plaintiff was an employee of the Defendants.

129.    That the Defendants are employers in accordance with Title VII and the Americans' with Disabilities Act.

130.    That the Defendants subjected the Plaintiff to a hostile work environment.

131.    That the Plaintiff's work environment was abusive, to the point of severe and pervasive.

132.    The Plaintiff was subjected to discrimination based on her Age, Sex and disability.

133.    That the Defendant failed and refused to address the situation.

134.    That the Plaintiff suffered severe emotional distress as a result of the Defendant's hostile work environment based on the Plaintiff's Age, Sex, and Disability.

135.    That the Plaintiff's severe emotional distress was foreseeable as a result of the severe and pervasive work environment that the Defendant subjected the Plaintiff.

136.    That the Plaintiff has been damaged as a result of the Defendant work environment.

137.    That the Defendant is the direct and proximate cause of damage to the Plaintiff.

138.    That the Plaintiff is entitled too actual, compensatory, consequential and punitive damages from the Defendant as a result of the hostile work environment.

139.    That the Plaintiff is entitled to attorney's fees and costs from the Defendant.

## FOR A FIFTH CAUSE OF ACTION

## SEX DISCRIMINATION

140.    That Paragraphs one (1) through one hundred and twenty-one (121) are hereby incorporated verbatim.

141.    The Defendant, Boeing is an employer as defined in Title VII.

142.    That the Plaintiff is an employee as defined by Title VII.

143. That while the Plaintiff was employed with the Defendants, the Plaintiff was able and had performed her job duties in a satisfactorily level of the Defendants.

144. That the Plaintiff was subjected to sexual discrimination by her direct supervisors.

145. That the Plaintiff regularly was subjected to sexist remarks and treated differently based on her sex.

146. That the Defendant failed and refused to hire the Plaintiff for certain position based on her sex.

147. That the Defendant disciplined and evaluated the plaintiff differently based on her sex.

148. That the Plaintiff's employer discriminated against the Plaintiff based on her sex.

149. That the Defendant, failed and refused to pay the equally, failed and refused to discipline younger men equally and failed to treat women the same as younger men.

150. That the Defendant discriminated against the Plaintiff based on her sex.

151. That the Defendant is the proximate and direct cause of damage to the Plaintiff.

152. That the Plaintiff has suffered severe emotional and career damages as a result of the Defendant discrimination against the Plaintiff.

153. That in discriminating against the Plaintiff based on consideration of her sex the Defendant violated 42 U.S.C. 2000e, et seq. Title VII.

154. That as a direct result of the Defendant's violation of Title VII the Plaintiff has suffered:

    a.    Economic damages from the loss of her position;

    b.    Loss of benefits associated with loss of her position;

    c.    Economic hardship;

    d.    Suffered anxiety, humiliation and emotional damages.

16-5579

155.  That the Plaintiff is entitled to recover damages from the Defendant in the amount of actual

damages, consequential damages, punitive damages, reasonable attorney's fees, the costs

of this action and all other damages available pursuant to Title VII.

## PRAYER FOR RELIEF

WHEREFORE plaintiff prays that this Honorable Court:

A.  Accept jurisdiction over this matter, including the pendent claim;

B.  Empanel a jury to hear and decide all questions of fact;

C.  Award the Plaintiff lost wages, future lost wages, lost benefits and future lost benefits;

D.  Award to plaintiff compensatory and consequential damages against the defendant;

E.  Award to plaintiff punitive damages against the defendant for their malicious and spiteful

pattern of sexual discrimination;

F.  Award to plaintiff All damages available to the plaintiff damages against the defendant

for their malicious discrimination against the plaintiff in violation of the Title VII, ADA

and ADEA;

G.  Award to plaintiff the reasonable attorneys' fees and costs incurred in the prosecution of

this matter;

H.  Award all damages available to the Plaintiff pursuant to Federal and State Law;

I.  Permanently enjoin the defendants, their assigns, successors, agents, employees and those

acting in concert with them from engaging in sexual discrimination, disparate treatment or

retaliation against plaintiff and

J.  enter any other order the interests of justice and equity require.

20

HUNT LAW LLC

Bonnie Travaglio Hunt
HUNT LAW LLC
4000 Faber Place Drive, Suite 300
North Charleston SC 29405
Post Office Box 1845, Goose Creek, SC 29445
(843)553-8709

Dated:  October 17, 2016

EEOC Form 161 (11/09)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To:  Ms. Cynthia M. Kitchens
     3100 Ashley Town Court Drive
     Apt 449
     Charleston, SC 29414

From:  Savannah Local Office
       7391 Hodgson Memorial Drive
       Suite 200
       Savannah, GA 31406

[ ]  On behalf of person(s) aggrieved whose identity is
     CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 415-2016-00919 | Mark F. Summers, Investigator | (912) 920-4483 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other (briefly state)

## - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Bernice Williams-Kimbrough,
Director

AUG 2 4 2016

(Date Mailed)

Enclosures(s)

cc:  Catherine A. Diga, EEO Investigator
     THE BOEING COMPANY
     5000 E. McDowell Rd.
     M510-A107
     Mesa, AZ 85215

     Bonnie T. Hunt, Esq.
     HUNT LAW, LLC
     Post Office Box 1845
     Goose Creek, SC 29445

## HUNT LAW LLC
**Bonnie Travaglio Hunt attorney at law**

October 19, 2016

The Honorable Julie Armstrong
100 Broad Street
Charleston, SC 29401

RE:    *Cynthia Kitchens v. The Boeing Company*

Dear Ms. Armstrong:

Please find enclosed the Plaintiff's Coversheet, Summons, and Complaint in the above referenced matter for filing with your office.  Please file the documents and return the clocked copy in the self-addressed stamped envelope.  Thank you for your attention to this matter.

Sincerely,

Bonnie Travaglio Hunt

4000 Faber Place Drive Suite 300
North Charleston, SC 29405
Post Office Box 1845 Goose Creek, SC 29445
(843)553-8709
Facsimile (843)553-8710
Bthunt@huntlawllc.com